# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1090V
### Filed: February 10, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| VIRGIL KIM, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Tetanus-Diphtheria-acellular Pertussis; |
| | * | TDaP; Table Injury; Brachial Neuritis; |
| SECRETARY OF HEALTH | * | Brachial Plexitis; Special Processing |
| AND HUMAN SERVICES, | * | Unit |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Wilson, Esq., Maglio, Christopher, and Toale, PA (DC), Washington, DC for petitioner.*
*Claudia Gangi, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On November 7, 2014, Virgil Kim filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he "developed pain in the left shoulder and he was suffering from numbness and tingling in his hands" after receiving the DTaP and influenza vaccinations on October 12, 2013. Petition at 1. Petitioner was "diagnosed . . . with left brachial plexitis triggered by vaccination (DTaP)." Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 9, 2015, respondent filed her Rule 4(c) report in which she concedes "that compensation is appropriate in this case." Respondent's Rule 4(c) Report ["Res. Report"] at 3. Specifically, respondent believes "that petitioner has

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

satisfied his burden of proof in establishing that he suffered an on-Table brachial neuritis as a result of his receipt of the Tetanus-Diphtheria-acellular Pertussis vaccine in his left arm on October 12, 2013." Errata to Res. Report, filed Feb. 10, 2015, at 1. Agreeing that petitioner's injury lasted for more than six months, respondent indicates petitioner "has satisfied all legal prerequisites for compensation under the Act." Res. Report at 3.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>s/Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master